*American Medical Response, Inc. v. City of Stockton*
*United States District Court- Eastern District No. 2:05-CV-01316-DFL-PAN*

# EXHIBIT 11

*Law Offices Of*

# HAKEEM, ELLIS & MARENGO

*A Professional Law Corporation*

*Michael D. Hakeem*
*Albert M. Ellis*
*Renée M. Marengo*
*Peter W. Manion*
*Stephen B. Ardis*
*S. Dean Ruiz*

3414 Brookside Road
Suite 100
Stockton, CA 95219-1751
TEL 209 474-2800
FAX 209 474-3654

**MEMORANDUM**

April 17, 2003 ·



RECEIVED
APR 1 7 2003
CITY ATTORNEY
CITY OF STOCKTON

**TO:**       **MICHAEL T. RISHWAIN**
            **DEPUTY CITY ATTORNEY**
            **CITY OF STOCKTON**
            **CITY HALL**
            425 N. El Dorado
            Stockton, CA 95202

**FROM:**   **MICHAEL D. HAKEEM**

**RE:**       **CITY OF STOCKTON/AMR/RFP**

**CS 002875**

Mike,

        As a follow up to our meeting in your office on Tuesday, April 15, 2003, concerning the above matter, the following are my file notes and follow up research:

        1.      There may be a constitutional prohibition for a City to enter into a partnership with respect to unlimited liability for the activities of a non-municipal partner.  As an alternative, we could consider a limited liability company (LLC) with the City, AMR and A-One acting as co-equal managing members.

        2.      As an additional alternative, and for simplicity only, there is also the option to enter into a "joint venture" for the limited purpose of jointly participating in the RFP process and thereafter creating the LLC to govern and administer any contract award.

        3.      With respect to the joint venture, the business plan would be to equally participate in the RFP process to successfully obtain a contract for emergency medical services in zones 1, 2 and 3.  This concept would also include the recognition of a "joint response" plan which would preclude either side from a withdrawal of the joint venture and to also preclude the ability to compete against the joint venture or accept an invitation to join or participate with any third party bidder (successful or otherwise).



Δ π EXHIBIT 51
Deponent Hakeem
Date 8-12-05 Rptr. BJH

4.      The joint venture would operate as a public/private partnership to develop an operating agreement (the business plan) for delivery of emergency healthcare to reflect an equal amount of ambulance units from the City and AMR in concert with one unit from A-One to service zones 1, 2 and 3 (7 + 7 + 1 = 15 initial units). This concept would also include an agreed upon rate structure and deployment plan relative to locations and levels of service etc. Any increase in units and/or service for newly annexed City areas would be shared equally on an alternating basis.

5.      In preparation for a contract award, the terms under which an LLC would operate will need to be drafted to recognize the respective financial responsibility of each party, appropriate insurance requirements; contribution/lease of assets; employee status (including the sub issue of workers comp coverage). With respect to the business plan, there could be a recognition of co-equal administration on major issues and a day to day "activities manager or management team" for minor administration issues.

6.      The common goal of participating in and seeking the joint award of a contract from the RFP process would provide a resolution to the standard of care issue and provide an equitable division of the call traffic to better balance the business risk and reward without sacrificing the delivery of emergency health care services.

8.      With respect to dispute resolution, some municipal law experts believe that cities may not relinquish their right to access the appropriate Superior Court for relief. Therefore, we could provide for an expedited mediation and non-binding arbitration process to address any disagreement relative to recognizing the over arching principle of maintaining the joint venture in an effort to end up with the contract and jointly operate under an LLC.

9.      With respect to Medicare, there are potential negative reimbursement implications to having a new provider (i.e., the new LLC) perform and bill for services, at least until the new Medicare fee schedule is fully phased in. It may make sense to set the arrangement up so that the LLC (inclusive of the City, AMR and A-One) holds the County contract, but then subcontracts with the City, AMR and A-One to provide services in response to the RFP.

10.     The concept would be to utilize a San Joaquin headquarters location.

11.     The purpose of this memo is to clarify our issues and detail our objectives relative to the concept of a public/private partnership and to request that the City Council authorize the City Manager to initiate negotiations within the framework of a joint venture and an ultimate LLC.

12.     This memorandum is being provided to the City with the understanding that it will be maintained as confidential, in light of the fact that it contains AMR trade secrets.

CS 002876

*American Medical Response, Inc. v. City of Stockton*
*United States District Court- Eastern District No. 2:05-CV-01316-DFL-PAN*

# EXHIBIT 12

**From:**       Gary Gillis
**To:**         Ed Rodriguez
**Date:**       4/1/03 11:11AM
**Subject:**    Re: MOU Points

I sent this to Rishwain for his comments.

>>> Ed Rodriguez 03/28/03 01:52PM >>>
The following points need to be addressed and agreed upon between the City and AMR/A-One prior to agreement and ratification by Council. Please feel free to add and/or expand upon any of them.

1. The City of Stockton Fire Department (SFD) will be the lead agency, in writing, on the RFP for Ambulance Zones 1, 2 and 3.

2. The fire chief will have sole discretion over ambulance station location.

3. The fire chief will determine the number of dedicated emergency ambulance resources needed.

4. The rate structure will be consistent with similar urban areas and will include sufficient revenue to pay for the system and provide reasonable cost recovery for additional enhancements.

5. The SFD will sub-contract with AMR/A-One Ambulance to provide emergency ambulance coverage in areas within Ambulance Zones 1, 2 and 3. This sub-contractor relationship will further include backing up SFD resources when adequate coverage is hindered due to call volume. The SFD will assist AMR/A-One Ambulance with securing non-emergency ambulance transportation as part of an EOA.

6. No further requests for ambulance transportation, with the exception of those requiring transport from one medical facility to another (ie.Dameron to St. Joseph's), will be handled by any one provider. All requests for ambulance assistance will be directed through the county approved Emergency Medical Dispatch (EMD) Center for screening and response of the closest available resource. This does not include non-emergency contracts with a single provider.

7. If any party withdraws from this agreement prior to an award in the EOA process, that party will be excluded from competing within the original Ambulance Zones for service as a separate entity.

Ed Rodriguez


Δ π EXHIBIT 52
Deponent Hakeem
Date 8-12-05 Rptr. BJH
WWW.DEPOBOOK.COM

AMR 004226